between the two cases so that we focus on those. Mr. Porter, you may proceed. Thank you. I'm still David Porter. And now I'm representing Earl Lee Walker as appellant. As Judge Scanlon said, there are slight differences, but in the end, the result, I believe, is the same. We're asking in this case for remand to the lower court for determination and further development of the facts regarding equitable tolling. Now, there is one difference, as I understand it, and it appears to me that in your brief you concede that at least as to statutory tolling, you're five months too late. Do I read the brief correctly? That's correct, yeah. All right. So this case is either equitable tolling or nothing. That's right. Yes. And let me talk about equitable tolling. Equitable tolling is required when external facts rather than any lack of due diligence on the part of a petitioner is responsible for the delay in filing. In this case, Mr. Walker alleged that his mental incompetence hindered his filing of the state petitions. Under the case that was decided after the district court decided this case, Laws v. Lamarck, this court said that that type of an allegation is sufficient to put the district court on notice, that there should be further factual development of the record, and so we are asking that the case be submitted to the district court for further factual development. What do we do with the knowledge in the record that this same petitioner, during the time when he might allegedly have been incompetent, filed petitions on October 24, 2000, and December 11, 2000? The mere fact that he filed petitions doesn't mean that he was mentally competent to be able to proceed in the state court. I don't know we have a cause element here. In other words, the limitation has to have prevented the individual from filing. It has to have prevented him from being able to file during that period. We don't additionally ask if, oh, he had enough time, regardless of that period being taken out of the statute, of the limitations period. Yeah, but help me out on that. You say prevented, but the problem is that the statute says how could he be prevented if, in fact, he made two filings during that time? Well, because he had help from other individuals, and those petitions were denied because they were practically incomprehensible. The ability to file something with words written on it, a petition with words written on it, is not, I think, what Congress intended or the Constitution intended by giving the right to individuals to file petitions for habeas corpus. So, you know, the fact that he filed some very one out, it's not frivolous. He wrote the words as best he could. He had what help he could. But, you know, he was on the verge of being single-celled. The chief psychiatrist recommended to the prison authorities that he be single-celled because of his severe mental impairments. That doesn't mean that he's able to file a Federal petition that is not subject to summary dismissal. Does there not be some threshold showing or finding by someone that's in a position to adjudicate this that he was incompetent, or a good-faith indication that he was incompetent, and not merely his claim? As long as there's a good-faith allegation, Laws v. Lamarck makes it clear. And this is particular to which there is some showing. Yes, and he submitted the chrono, as they call it, by the chief psychiatrist of the prison, Alan Abrams, that said the above-named inmate is to have a single cell due to mental health reasons. Now, in the Enbank decision in this court in Kelly, the court stated, when a putative habeas petitioner's mental competency is at issue, and the record discloses a, quote, genuine basis for concern, it is appropriate to toll the AEDPA's time limit. Yes, but just get back to your point, though. The mere fact that someone is single-celled does not mean that they're mentally incompetent. There's a lot of reasons for putting prisoners in single cells. And it does not bespeak mental incompetence. No, but it says due to mental health reasons. And I suggest that that puts the district court on notice. Rather than closing the district court's eyes to the allegation, laws versus Lamarck requires that the district court read that allegation and require some further factual development of the record on that issue. Just on the allegation, so long as it is affide under penalty of perjury. No further evidence is necessary. I believe that's correct. Further along the line, there could be requirements if counsel is appointed to represent the person, there could be further requirements to prove. But the burden of coming forward on the pleading, I believe, is fulfilled by that. Let me ask you, if there had been an evidentiary hearing on his mental incompetence in this case, the district court, what would you have put forward, besides the fact that he was single-celled because he had some sort of mental disturbance? I would have put forward a lot of things in his central file and his separate medical file regarding the type of medications he was on. These are things you have to put forward to show that he's incompetent to file a petition. Not that he's not 100 percent, you know, with it. You've got to show that he was incompetent to file a petition. What would you put forward? Well, as I said, I think that if he's getting Haldol and Percocet, a series of psychotropic medications, and you have a psychiatrist's review of him and interview of him, and he's saying that this person is suffering from certain psychological defects and mental illnesses, that that would be a showing that he was incompetent at the time. He couldn't communicate adequately with the court. But he said here that he – in fact, my notes are correct – his mental incapacity was causing illiteracy. Isn't that what he says? And therefore, since I was illiterate, I couldn't file a petition. And as Judge O'Scanlan pointed out, it's sort of belied by the fact that he filed two petitions. Judge Bay, I think that a person who has the communication skills of a fourth grader, when he writes something like that, you have to take that into consideration, that the fact that he said he was illiterate when he's apparently writing, and apparently it wasn't by someone else, doesn't mean that he understands what illiterate means. But that's not what he said. He didn't say, I can write, but I don't understand what it means. He said, I can't write. I can't read. This person with a fourth-grade education said that. And I suggest to you that he was mistaken when saying that his mental incompetence caused illiteracy. It didn't cause illiteracy. It caused him to be unable to communicate effectively with the court. Counsel, you have a little over a minute. You might want to reserve. I do. Thank you. Scheidegger. Good morning again. Jamie Scheidegger for the Warden. I think I want to just touch on the key difference in this case from Thomas, and that is that Walker concedes that even with such short tolling, as this Court has noted, he's still untimely, and we can disagree about the amount of months that he's short. I would suggest it's more like 14 months. Even with statutory tolling, his petition is untimely. So focusing on the equitable tolling, I'd first like to point out that, as I think this Court was mentioning, the fact that he was single-celled doesn't mean that he was mentally incompetent. It means that he may have had mental conditions which, based on the experience I've had reading petitions, a lot of prisoners do have mental concerns, and that would not be a reason to equitably toll the statute of limitations. Second, this Court was talking about the fifth and sixth petitions filed around 2000 when he claimed he was mentally incompetent. Those were not deemed by the Court to be insufficient or inadequate. In fact, they were denied on the merits, and I think that shows that he was able to effectively communicate with the Court because the Court addressed his concerns and denied his claims. Well, what about Mr. Porter's comment that they were only words and they were, in one case, unintelligible? I think that the fact that the Court was able to discern what his claims were and address those claims shows that he was certainly communicating with the Court and that his alleged illiteracy hadn't affected that. And illiteracy means unable to write, and clearly he was able to write, and I read the petitions and could understand what the claims he was raising were. The next point I'd like to make is this case is very distinguishable from Laws v. Lamarck. In Laws, the petitioner filed no petitions for six years and claimed that he was unconscious during that period of time. In this case, Mr. Walker filed six petitions between 1996, when his decision became final, and 2000. In fact, in those six petitions, he never mentioned mental incompetence or mental defect. It wasn't until a filing in 2002 that he said, and by the way, I have a mental incompetence due to my illiteracy. In Laws, there was a Section 1368 hearing to determine competency, and between psychiatrists, psychologists, and the judge, it was finally determined that Laws was competent, but there was a large body of evidence to discuss his competency and his mental ability. That's not true in this case at all. I think Laws says that there must be circumstances that support a petitioner's claim of mental incompetence, and in this case, there are no circumstances that support his claim other than this statement by him in 2002, six years after he'd been filing petitions all this time. And like I mentioned before, in Laws, there were no filings for six years. That goes to his unconsciousness or inability to file. In this case, petitioner did file. He filed prolifically and never mentioned the mental disease or defect that would have affected his actual causal link to him filing. And I would just note that if this court found that petitioner's allegation was enough, I think equitable tolling would swallow the rule because all that would be required for an evidentiary hearing would be a mere allegation that someone suffered from a mental disease or defect and an evidentiary hearing would happen. And I think the spirit of equitable tolling is an extraordinary circumstance not to be granted. What besides an allegation can you put in a petition? Well, like in Laws v. Lamarck, there was a large record of evidence presented of questions regarding his mental incompetence or the fact that he didn't file anything for six years. No, but I'm going down to a question of procedure. The petition is filed in Laws alleging that he was incompetent and unconscious for six years and therefore unable to file the petition. It was verified. And on that allegation, this Court held that he should have gotten an evidentiary hearing because if true, it would excuse his not filing for six years, right? Correct. Now, is it your position that the petitioner, in addition to the petition, should file some affidavits and some proof to convince the trial court judge to grant an evidentiary hearing? And if so, where do we find authority for that? I don't think that he needs to file proof or affidavits. I think there should be circumstances in the record that support his... Circumstances in the record. The only record is a petition at this point. It's a piece of paper where he says certain things under penalty of perjury. That's the record. In Laws, they were looking at the record was the trial court record, the ongoing... You take judicial notice with the trial court record and you have the petition before you, and those two things are based upon which the trial judge makes a decision whether there's equitable tolling or not. In that case, that was enough. I don't know that it would always be those two things. I just don't think that... Is the burden on the petitioner to attach the trial court record? No. He can just file a petition, three pages of paper, right? That's correct. I just think that there should be some circumstance other than just the mere allegation, and I'm not sure what that circumstance would be. Well, that's what I'm asking you. I'm asking you the procedure by which the circumstance is made known to the trial court judge. I know what's in the petition. I can read the petition, but what do you mean by circumstance? Do you mean some inference that the trial court judge makes out of the words used in the petition? Yeah. I mean, in this case, Walker... You want him to judge the evidence from the petition? Well, in this case, Walker did present additional evidence as he was trying. It just doesn't raise it up. I just want to make sure that I understand your position on the State's petition. Is it necessary for the petitioner to supply by judicial notice or otherwise the trial court record or other facts to buttress his claim of mental incompetency in the petition? It would not be required, no. No. I don't think so. Well, in this case, in the petition, he put that the prison psychiatrist found he wasn't totally competent. Why wouldn't that be sufficient in this case? Two reasons. First, the prison psychiatrist even discussed the issue because he brought it up. He requested to be single-celled and was originally denied single-celled. They said, we'll refer you to further mental. So it's not a case where the prison psychiatrist sought him out and said, this guy needs to be single-celled because of his mental illness. And second, I think this case is distinguishable from laws where they said the mental illness was the unconsciousness, the inability to file. In this case, the fact that he may have mental issues, the fact that he may need to be single-celled, does not render him unconscious or cause his inability to be filed, his inability to timely file a petition. Any further counsel? No, thank you. Thank you very much. Mr. Porter, you have a little reserve time. Thank you. In laws, the petitioner, probably one of the petitioner's jailhouse lawyers, said that medication which deprived laws of any kind of consciousness, this is the only thing that the laws court cited in the record at the time of the district court's dismissal of the habeas petition for untimeliness that was sufficient to require a remand. And I suggest the same type of thing in this case. I doubt that Mr. Laws was truly unconscious for six years. These petitions must be read when you're dealing with mentally incompetent or people with mental illness must be read liberally and must be read with an understanding of the situation in the prison. And so when they said that the mental incompetence rendered him illiterate, in response to Judge Bea's concern, I don't think that that is to be taken literally or to say that he's lying, he's making this up. My point, as I was asking the counsel of the State, in laws we also have the statement that a petitioner's statement, even if sworn, need not convince the court that equitable tolling is justified should countervailing evidence be introduced, unquote. Now, when the petition is filed and we can take judicial notice of other filings, we find the two filings, one in the Superior Court and one in the Supreme Court, the fourth and fifth habeas corpus filing by this individual, both of which are denied on the merits. Is that not the kind of countervailing evidence which should be taken a look at? On the claim stated that his mental competence caused him illiteracy. That's a determination that the court suggests in laws be made after there's an evidentiary hearing. But we don't have to do that if we have judicially noticeable evidence before us which directly contradicts the claim of illiteracy. Well, the – I think that the court in opposing counsel is maybe making too much of a denial on the merits of the State petitions. It's not – in California, if there's no writ issued and a return ordered, then this is not a determination on the merits that's entitled to race judicata effect. It's not a determination on the merits to say, oh, well, there is – you know, there's some debatable issue here, but in the end, I'm denying it. This is a very simple argument. But you might make that argument as to the Superior Court, which took only about seven days to make up its mind, because the Supreme Court kept the case for four months. I worked at the Supreme Court of California, and that is a very standard time period for denying all sorts of petitions that have relatively little merit. By postcard? I'm sorry? By postcard. By postcard denial. It takes time to get those postcards out. Thank you, counsel. Your time has expired. Thank you. The case just argued will be submitted for decision, and we will now hear argument in West v. Brown, which is another AEDPA gap tolling case. Good morning, Your Honors. Good morning. I'm John Ward here on behalf of Mr. Brown. Ward. And I have to confess, I'm longing for the days of lachies when – but here we are.
judges: O'scannlain, Cowen, Bea